32620. MONTGOMERY *v.* THE STATE.

Decided October 11, 1949.

*Joseph E. Webb*, for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Special ground 1 of the amended motion for a new trial is but an amplification of the general grounds, to the effect that the evidence conclusively shows that the defendants had abandoned their criminal venture and were walking away from the building in question at the time of their arrest, and that the defendant in his statement said, "After we got our tools and seemed to realize what we were doing, we changed our minds."

Special ground 2 contends that the trial court erred in failing to charge the jury the principle of law that where one has abandoned his criminal intention before so much of the act is done as constitutes a crime, the defendant cannot be convicted.

Counsel for the defendant calls our attention to *Young* v. *State,* 82 *Ga.* 752 (9 S. E. 1108), where the court held that if one "abandons his evil intention at any time before so much of the act is done as constitutes a crime, such abandonment takes from what has been done its indictable quality."

In that case, which involved an alleged assault with intent to murder, the trial judge charged the substance of the above quotation, qualifying it in each case with the words, "unless the acts already committed before desisting amount to an assault with intent to murder."

In the present case, the defendant's own statement conclusively shows, with the other evidence, that he possessed the burglary tools with the intent to use the same in order to break and enter a named building, and that he was using the tools in an effort to force the door of that building within a matter of minutes before he was apprehended by the police. We must therefore hold that, whether or not the defendant's showing that he was walking away from the door at the time of his arrest is any indication that his intent had altered within those few minutes, he had still, by using the tools for that purpose, committed such an overt act as would authorize a finding by the jury that he was guilty as charged. In this connection see *Weeks* v. *State, 63 Ga. App.* 773 (11 S. E. 2d, 670).

It follows, therefore, that since the abandonment of the intent to enter the building on the part of the defendant, if any, fails to constitute a defense to the charge of possessing burglary tools with the intent to use the same as contained in the indictment in the instant case, it was not error for the trial court to fail to give in charge the principle of law that where criminal intent has been abandoned before the criminal act was committed, the accused can not be convicted, as contained in ground 2 of the amended motion for a new trial.

The evidence supported the verdict. The judgment of the trial court overruling the motion for a new trial as amended was not erroneous.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*